UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

<table>
<tr><td></td><td>HEARING DATE:<br>9/17/2009 @ 10:00 A.M.</td></tr>
</table>

In re:                                                    :  Chapter 11

                                                          :  Case No. 08-13153 (SMB)

RIDGEMOUR MEYER PROPERTIES, LLC,          :

Debtor.                                                   :

-------------------------------------------------------------x

## NOTICE OF HEARING ON PLAN PROPONENTS' MOTION IN SUPPORT OF ENTRY OF STIPULATION BY AND BETWEEN VARIOUS PARTIES AND GINSBURG DEVELOPMENT COMPANIES, LLC.

**PLEASE TAKE NOTICE,** that upon the annexed motion (the "Motion") of Ridgemour Development Corp. ("RDC"), W & A Development, LLC, ("W & A")(the "Plan Proponents"), (together, the "Plan Proponents") and their designee for Plan Funding Purposes, together with A.J. Rotonde and William A. Meyer (collectively "Movants"), the undersigned will move this Court before the Honorable Stuart M. Bernstein, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court, One Bowling Green, New York, New York on the 17th day of September, 2009 at 10:00 a.m. for approval of the Stipulation and Order by and between the that certain Stipulation, a copy of which is annexed to the Motion as Exhibit "1" ("Stipulation") settling various pending adversary proceedings and contested matters relating to the above-referenced Chapter 11 case (collectively hereinafter defined as the "Controversies"), as well as a related proceeding pending before the American Arbitration Association ("AAA") and a certain plenary action r pending in Supreme Court, State of New York, New York County, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, together with such other and further

relief as is just, proper and equitable under the circumstances.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Motion must be made in writing, filed with the Court on the Court's Electronic Case Filing System, at [www.ecf.nysb.uscourts.gov](http://www.ecf.nysb.uscourts.gov) (login and password required), with a copy delivered directly to Chambers and served upon: which objections, if to be considered by the Court, shall be made in writing, filed with the Court at the Court's website www.nysb.uscourts.gov (login and password are required) (with a courtesy copy delivered directly to Chambers) and served upon: (a) Rattet, Pasternak & Gordon Oliver, LLP, attorneys for the Plan Proponents, 550 Mamaroneck Avenue, Harrison, NY 10528, Attn: Jonathan S. Pasternak, Esq.; and (b) Kenneth D. Silverman Esq., Chapter 11 Trustee, Silverman Acampora LLP, 100 Jericho Quadrangle - Suite 300, Jericho, New York 11753, Attn: Robert Nosek, Esq. so as to be received on or before September 14, 2009 at 5:00 p.m.

Dated: Harrison, New York
August 24, 2009

RATTET, PASTERNAK & GORDON OLIVER, LLP
Attorneys for the Movants
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

By: */s/ Robert L. Rattet*

Robert L. Rattet

To: Office of the United States Trustee
Counsel to the Chapter 11 Trustee
Counsel to GDC
All Creditors
Notices of Appearance

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:

RIDGEMOUR MEYER PROPERTIES, LLC,

Debtor.

-------------------------------------------------------------x

: Chapter 11

: Case No. 08-13153 (SMB)

:

:

## MOTION PURSUANT TO FED.R. BANKR.P. RULE 9019 FOR APPROVAL OF STIPULATION AND ORDER SETTLING ADVERSARY PROCEEDINGS AND VARIOUS MISCELLANEOUS CONTESTED MATTERS

**TO: THE HONORABLE STUART M. BERNSTEIN,**
  **CHIEF UNITED STATES BANKRUPTCY JUDGE:**

The Motion (the "Motion") of Ridgemour Development Corp. ("RDC"), W & A Development, LLC, ("W & A"), (together, the "Plan Proponents") and their designee for Plan Funding Purposes, together with A.J. Rotonde and William A. Meyer (collectively "Movants"), by their attorneys, Rattet, Pasternak & Gordon Oliver, LLP, respectfully represents and sets forth as follows:

1.      This Motion is respectfully submitted in support of the Movants' request for the approval, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") of that certain Stipulation, a copy of which is annexed hereto as Exhibit "1" ("Stipulation") settling various pending adversary proceedings and contested matters relating to the above-referenced Chapter 11 case (collectively hereinafter defined as the "Controversies"), as well as a related proceeding pending before the American Arbitration Association ("AAA") and a certain plenary action pending in Supreme Court, State of New York, New York County.

2.     The Court has jurisdiction of this matter pursuant to 28 U.S.C. Sections

157(b)(2)(A), (B) and (O) and 28 U.S.C. Section 1334, and the Standing Order of Reference of the

United States District Court for the Southern District of New York (Ward, Acting Ch. J.).

3.     This is a core proceeding within the scope of 28 U.S.C. § 157(b)(2)(A) and (O).

## BACKGROUND

4.     On or about August 11, 2008, the Debtor filed a voluntary petition for

reorganization pursuant to Chapter 11 of Title 11, U.S. Code §§ 101 et seq. (the "Code").

The Debtor was initially retained in possession of its property and management of its business as

Debtor in Possession.

5.     On motion of Ginsburg Development Companies, LLC ("GDC") seeking

appointment of a Chapter 11 Trustee and sanctions, by Memorandum Decision and Order dated

November 12, 2008 (the "Decision"), the Court directed the appointment of a Chapter 11 Trustee

pursuant to 11 U.S.C. §1104 and later denied the request for sanctions.   Familiarity with the

case's substantive and procedural history is presumed by reason of the Decision, and subsequent

motion practice.[1]

6.     By Motion dated on or about March 25, 2009 GDC sought the conversion of this

case to a case under Chapter 7 (the "GDC Conversion Motion").  The completion of an

evidentiary hearing on the GDC Conversion Motion has been adjourned in contemplation of

settlement.

---

[1] All terms defined in the Decision (i.e., the "Properties," the"Interim Award," the "Jomas Lot," etc.) are
incorporated by reference.

7. There are currently four (4) Adversary Proceedings (collectively, the "Adversary Proceedings") pending in this case, as described in the Trustee's status letter to the Court dated March 25, 2009: (1) **08-01748** (SMB) - Ginsburg Development Companies, LLC v. Kenneth P. Silverman, as Trustee for Ridgemour Meyer Properties, LLC; (2) **08-01750** (SMB); Ginsburg Development Companies, LLC v. Merida Associates, Inc. and Kenneth P. Silverman, as Trustee for Ridgemour Meyer Properties, LLC; (3) **09-01011** (SMB) - Ginsburg Development Companies, LLC. v.Ridgemour Meyer Properties, LLC et al.; and (4) **09-01034** (SMB) - Merida Associates, Inc. v. The Pinnacle Westchester, LLC et al.

8. The following non-bankruptcy disputes are also pending: (i) a certain plenary action pending before the New York State Supreme Court, New York County, under Index No. 100236/99, captioned Ginsburg Development Companies, LLC, v. William A. Meyer and A.J. Rotonde (the "State Court Action"); (ii) the proceeding captioned Ginsburg Development Companies, LLC v. Ridgemour Meyer Properties, LLC, et al., AAA Case No. 19 115 Y 206 06 (the "Arbitration"); (iii) a lawsuit against GDC in the Supreme Court, State of New York, New York County, captioned Ridgemour Meyer Properties, LLC v. Ginsburg Development Corp. et. al, under Index No.600481/07, which was subsequently removed to the United States District Court for the Southern District of New York, under Case No. S.D.N.Y. 08-08584 (BSJ) (the "NY Lawsuit"); and (iv) an appeal to the District Court (Koetl, U.S.D.J.) from this Court's denial of GDC's application for sanctions in the main bankruptcy case (the "Sanctions Appeal").

9. Upon approval, all of the foregoing disputes shall be resolved and dismissed with prejudice by reason of the GDC Settlement, except as to claims asserted against Donald J. Carbone, Esq. ("Carbone"), and Goetz Fitzpatrick, LLP ("Goetz Fitzpatrick") in Adv. Proc No.

09-01011.

10.     This Motion requests approval of the Stipulation, a copy of which is annexed hereto as Exhibit "1", which resolves the Controversies as herein defined (the various pending adversary proceedings and contested matters relating to the above-referenced Chapter 11 case, including the GDC Conversion Motion, the Adversary Proceedings, the State Court Action, the NY Lawsuit, all other motions for sanctions and costs in any court or forum, the Arbitration and the Sanctions Appeal collectively defined as the "Controversies") (as noted, with the exception of certain claims against Carbone and Goetz Fitzpatrick).

## FACTUAL BACKROUND

11.     On or about December 17, 2003 the Debtor and GDC (among others) signed an operating agreement pursuant to which a joint venture known as The Pinnacle-Westchester, LLC (the "Pinnacle") was formed, for the purposes of owning, operating and development certain properties known as 248-252 Main Street, White Plains, New York (the "Subject Premises").

12.     Subsequently a dispute arose concerning the dissolution of Pinnacle.

13.     On November 22, 2006, GDC demanded arbitration of the dissolution issue. Mr. Thomas Scarola (the "Arbitrator"), a construction engineer, was thereafter appointed as the arbitrator for the Arbitration by the AAA.

14.     In February 2007, the Debtor filed the NY lawsuit.

15.     On or about October 4, 2007, the New York Supreme Court granted GDC's motion to stay the NY Lawsuit pending resolution of the Arbitration. Subsequently, in the context of the Arbitration, Mr. Scarola entered various rulings and instructions. Disputes ensued concerning the construction of these directives, and in particular the terms of the turnover of the

4

Subject Premises to the Debtor and a mortgage to be given GDC pending the determination of the relative rights of the parties. These disputes remained unresolved.

## REASONS FOR SETTLEMENT

16.     GDC, the Movants, Merida Associates, Inc. ("Merida") and Carol L. Dall, Esq. ("Dall") [2] each desire to avoid the material risk, delay and expense associated with continued litigation by resolving *inter alia***,** the Controversies, pursuant to the terms and conditions set forth in the Stipulation (Exh. 1 hereto).  Accordingly, GDC, the Movants, Merida and Dall have agreed to settle the Controversies, and their mutual claims, allegations and defenses.

17.     In order to avoid the expense, delay and uncertainty inherent in litigation, the parties wish to settle the Controversies pursuant to the terms and conditions of the Stipulation annexed hereto as Exhibit "1" therein.

18.     The Stipulation facilitates the confirmation of a Plan of Reorganization (the "Plan") which will result in all creditors being paid the amount of their allowed claims, as ultimately fixed and allowed by the Court, with interest to date of payment at 2.22%, the Federal Judgment Rate.

## THE SETTLEMENT AGREEMENT

19.     The Stipulation provides, in substance, as follows:

(a)  W&A agrees to pay to GDC, the sum of $5,700,000.00 (the "GDC Payments"), with time being of the essence, on or before September 30, 2009;

(b)  If, for any reason, GDC fails to receive $5,700,000 by September 30, 2009, GDC shall, in addition to $5,700,000, receive interest in the amount of $2,000/day until October 30, 2009, and $3,000/day thereafter, other than if the reason for the delay in GDC's receipt of the $5,700,000 is due to the Bankruptcy Court's unilateral adjournment of the hearing to consider confirmation of the Plan, W&A shall not be

---

[2]  Dall is one of the former attorneys for the Debtor, named as a defendant in Adv. Proc. No. 09-01011.

responsible for interest that accrues during the delay caused by such unilateral adjournment;

(c)    Neither GDC nor Ginsburg shall object to the Trustee's remitting to W&A all funds in Debtor's original bank accounts, and in the $350,000 segregated escrow established on or about May 15, 2009, provided that GDC receives the GDC Payments;

(d)    Meyer and Rotonde shall unconditionally personally guarantee payment of the $5,700,000 obligation to GDC, plus interest, as set forth herein, and shall immediately execute and have executed unconditional personal guarantees to evidence their guaranty (the "Guarantees"), a copy of which form is attached. The Guarantees are to be discharged and deemed null and void in writing by GDC upon Closing provided that all payments in Section 2 are satisfied pursuant to the Stipulation are received by GDC at Closing.

(e)    The Guarantees shall be held in escrow by GDC's counsel, and will be released from escrow only if the $5,700,000 payment contemplated in paragraph 2 herein is not made on or before September 30, 2009. The Guarantees shall provide, among other things, that if GDC must take legal action to enforce the Guarantees, GDC shall be entitled to all reasonable legal fees and costs incurred.

(f)    At Closing, GDC and Ginsburg, their agents and employees, on the one hand, and RMP, Merida, Dall, W&A, RDC, Meyer and Rotonde, their agents and employees, shall exchange mutual, reciprocal complete general releases from any and all claims and/or liability that they may have, or have had, against one another.

(g)    GDC and Ginsburg specifically do not release any claims they have or may have against Donald J. Carbone, Esq. ("Carbone") and Goetz Fitzpatrick, LLP ("Goetz Fitzpatrick") and specifically reserve all rights to those claims as set forth in the action styled <u>Ginsburg Development Companies, LLC v. Ridgemour Meyer Properties, LLC</u> <u>et al.</u>, Bankr. S.D.N.Y. Adv. Pro. No. 09-01011 (SMB). However, GDC shall take steps to amend the caption in that adversary proceeding to delete all parties being released therefrom.

(h)    GDC and Ginsburg shall release any and all claims and/or liability that GDC and Ginsburg have or had against RMP, Merida, Dall, W&A, RDC, Meyer and Rotonde, which in any way relate to Pinnacle.

(i)    GDC and Ginsburg shall cause Pinnacle to assign to the Debtor, without any representations or warranties, all of Pinnacle's GDC's and Ginsburg's rights, title and interest in: the use of the "Pinnacle-Westchester" name, the "Citibank Contract" identified in the July 9, 2008 Interim Award in the Arbitration, all environmental

impact statements and other approval documents and any and all other assets of Pinnacle, including but not limited to contractual assets, except that GDC and Ginsburg shall not assign to Meyer and Rotonde any architectural renderings.

(j) GDC shall release all equitable liens and discharge any and all notices of pendency in connection with Pinnacle and/or RMP properties that have been filed by GDC or on behalf of Pinnacle, including but not limited to a certain Lis Pendens filed in connection with the Westchester County lawsuit thereafter removed to the bankruptcy court as Adversary Proceeding No. 09-01011.

(k) GDC shall provide Meyer and Rotonde with Pinnacle's 2007 and 2008 tax returns, to the extent such tax returns were prepared, by no later than August 21, 2009, and shall request that all accountant's work papers be turned over to Meyer and Rotonde by no later than August 21, 2009, and hereby consent to Meyer's and Rotonde's contacting that accounting firm as necessary in connection with said return. Neither GDC nor Ginsburg shall be required to make any further payments to that accounting firm.

20. In addition, GDC, Pinnacle, Ginsburg, RMP, Merida, W&A, RDC, Dall, Meyer and Rotonde shall execute dismissals with prejudice of all claims, defenses, cross-claims and counterclaims in the Controversies, except that, as set forth above, GDC and Ginsburg shall not dismiss the litigation styled Ginsburg Development Companies, LLC v. Ridgemour Meyer Properties, LLC et al., Bankr. S.D.N.Y. Adv. Pro. No. 09-01011 (SMB) as against Carbone and Goetz Fitzpatrick and shall not release any claims they have or may have against Carbone and Goetz Fitzpatrick and specifically reserve all rights to those claims.

21. In summary, with the exception of the Debtor's and GDC's claims against Goetz Fitzpatrick and Carbone and their claims against the Debtor and GDC, all claims, counterclaims, and cross-claims are resolved and dismissed.

## REQUEST FOR APPROVAL OF THE STIPULATION
## PURSUANT TO BANKRUPTCY RULE 9019

22. The Movants submit that approval of the Stipulation is in the best interests of the

Estate and the Debtor's creditors, and firmly believe that all of the relevant factors generally considered by the courts in determining whether to approve settlements weigh in favor of approval here for the following reasons:

A. The proposed Stipulation facilitates the confirmation of a Plan of Reorganization which will result in all creditors being paid the amount of their claims, as ultimately fixed and allowed by the Court, together with interest to date of payment at 2.22%, the Federal Judgment Rate on said balance.

Movants believe that there is a material risk and certain time delay in the outcome of any further litigation

B. The Stipulation effectively resolves all disputed claims and issues among the Movants, Merida, Pinnacle, GDC and Dall.

C. The Estate will avoid the costs and time delay which would be associated with further protracted litigation and discovery.

The Movants therefore believe that the consideration given by both parties in the Stipulation is fair and reasonable and should be approved by the Court as the expense of continued and further protracted litigation will diminish any the remaining assets of the Estate.

23. Fed.R. Bankr.P. Rule 9019(a) permits this Court to approve a compromise or settlement. The Rule provides:

> *(a) Compromise.* On motion by the trustee and after notice and a hearing the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

24. Neither Rule 9019 nor any section of the Code explicitly sets forth the standards by which a court is to evaluate a proposed settlement for approval.

25.     In evaluating settlements, the bankruptcy courts may properly consider the

following:

> "(T)he balance between the litigation's possibility of success and the
> settlement's future benefits; (2) the likelihood of complex and protracted
> litigation, "with its attendant expense, inconvenience, and delay," including
> the difficulty in collecting on the judgment; (3) "the paramount interests of the
> creditors," including each affected class's relative benefits "and the degree to
> which creditors either do not object to or affirmatively support the proposed
> settlement"; (4) whether other parties in interest support the settlement; (5) the
> "competency and experience of counsel" supporting, and "[t]he experience
> and knowledge of the bankruptcy court judge" reviewing, the settlement; (6)
> "the nature and breadth of releases to be obtained by officers and directors";
> and (7) "the extent to which the settlement is the product of arm's length
> bargaining."

> In re Iridium Operating LLC  478 F.3d 452, 462 (2d Cir. 2007).

See also In re Stone Barn Manhattan LLC, 405 B.R. 68 (Bkrtcy.S.D.N.Y. 2009)

26.     The Court may also consider the potential difficulty of collection of any recovery,

as well as the likelihood of success on the merits of continued litigation. See, e.g. In re Gardi,

273 B.R. 4 (Bankr.E.D.N.Y. 2002); McCord v. Agard (In re Bean), 251 B.R. 196

(E.D.N.Y.2000).  In that regard, the McCord, Id. Court stated:

> Therefore, "'when a cost-benefit analysis indicates that the only parties who will
> likely benefit from an investigation of a claim are the trustee and his
> professionals, investigation is unwarranted.'

McCord,  251 B.R. at  205.

In the case at bar, the Subject Premises have been fully encumbered by the liens of Toano

Realty, LP, Merida and the equitable lien of GDC approved by this Court in Adv. Proc. No. 08-

1750.

27.     With the Subject Premises at least arguably fully encumbered, the only source of

recovery would have been funds held by the Trustee on behalf of the Estate and leasing revenues from the Jomas Parcel.

28.     Given the fact that all claims of creditors as fixed and allowed by the Court are being paid in full, with interest, any recoveries would have been for the benefit of the holders of equity interests in the Debtor.

29.     Thus, the resolution of these Controversies and claims avoids the need for further litigation, which would certainly delay the making of distributions to creditors.

30.     Movants are seeking the approval of the Stipulation for the reason that they are both funding the GDC Payments and payments to the Debtor's creditors, and receiving control of the Debtor and the releases set forth above.  Moreover, since the Trustee participated in the settlement process his approval of the Stipulation is reasonably anticipated.

31.     In recognition of the important role of the Estate representative in settling claims against the Estate, courts generally accord its recommendation of a proposed compromise and settlement considerable deference.  See In re Jackson Brewing Co., 624 F.2d. 599, 604 (5th Cir. 1980).

32.     Based on the Trustee's anticipated recommendation of the settlement, as being in the best interests of the Estate, and the fact that all unsecured creditors will receive the full amount of their allowed claims, a bankruptcy court should approve a proposed settlement unless it "falls below the lowest point in the range of reasonableness."  In re W.T. Grant Co., 699 F.2d 599 (2d Cir.), cert. denied, sub nom. Cosoff v. Rodman, 464 U.S. 822 (1983). *See also*, In re Purified Down Products Corp., 150 B.R. 519, 522-23 (S.D.N.Y. 1993).  In re Crowthers McCall Pattern, Inc., 120 B.R. 279, 287 (Bankr. S.D. N.Y. 1990); In Re Carla Leather, Inc., 44 B.R. 457,

470 (Bankr. S.D.N.Y. 1984), *aff'd,* 50 B.R. 764 (S.D.N.Y. 1985).

33.     It is clear, from a review of the foregoing factors, especially the fact that the Stipulation, coupled with the confirmation of the Plan of Reorganization that returns control of the Subject Premises to the funders of the Plan, facilitates the payment of all creditors whose claims are fixed and allowed by the Court, that the compromise set forth in the Stipulation meets all the tests for approval and therefore the Stipulation should be approved.

34.     In the case at bar, the "concrete benefits" of settlement far outweigh the overwhelming expense of further litigation. Absent the settlement memorialized in the Stipulation, it is exceedingly unlikely that this Debtor's creditors would be receiving full or even significant payment of their claims.

35.     Therefore, the Movants respectfully submit that the settlement embodied in the Stipulation falls well above "the lowest point in the range of reasonableness" within the scope of *W.T. Grant*, *supra*, et. al., and is in the best interests of the Estate at large, and should therefore be approved.

### WAIVER OF REQUIREMENT FOR
### MEMORANDUM OF LAW

36.     In view of the substantial case law authority discussed herein, the Movants respectfully request waiver of submission of a separate memorandum of law in connection with this Motion, in that there are no novel or difficult legal issues presented herein and in further light of the case law presented herein.

    **WHEREFORE,** the Movants respectfully request that the Court approve and authorize the Stipulation, together with such other and further relief as is just and proper under the circumstances.

11

Dated:    Harrison, New York
            August 24, 2009

                        Respectfully submitted,

                        RATTET, PASTERNAK & GORDON OLIVER, LLP
                        Attorneys for Movants
                        550 Mamaroneck Avenue
                        Harrison, New York 10528
                        (914) 381-7400

                        BY:__/s/ Robert L. Rattet_____
                                Robert L. Rattet

**EXHIBIT "1"**

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation") is entered into as of the ___ day of August, 2009 by and between: (1) **GINSBURG DEVELOPMENT COMPANIES, LLC** ("GDC"); (2) **MARTIN GINSBURG** ("Ginsburg"); (3) **WILLIAM MEYER** ("Meyer"); (4) **A.J. ROTONDE** ("Rotonde"); (5) **KENNETH P. SILVERMAN, ESQ., AS TRUSTEE** (the "Trustee") **FOR RIDGEMOUR MEYER PROPERTIES** ("RMP" or the "Debtor"); (6) **W&A DEVELOPMENT, LLC** ("W&A"); (7) **RIDGEMOUR DEVELOPMENT CORPORATION** ("RDC"); (8) **CAROL L. DALL, ESQ.** ("Dall"); and (9) **MERIDA ASSOCIATES, INC.** ("Merida") (GDC, Ginsburg, Meyer, Rotonde, RMP, W&A, RDC, Dall and Merida shall be collectively referred to hereinafter as the "Parties".)

### WITNESSETH:

**WHEREAS**, in December 2003, GDC and RMP formed a joint venture in order to develop certain real estate in White Plains;

**WHEREAS**, a dispute arose with respect to the joint venture, which resulted in an arbitration between GDC, Ginsburg, RMP, Meyer and Rotonde and multiple litigations between and among the Parties;

**WHEREAS**, after careful and due consideration, the Parties have agreed, for their mutual benefit and in order to avoid the time, expense and cost of further litigation and/or arbitration, to resolve any and all outstanding claims and/or disputes between them upon the terms and conditions set forth in this Stipulation;

**NOW, THEREFORE**, in consideration of the mutual promises, covenants and agreements contained in this Stipulation, the Parties agree as follows:

1.      Meyer and Rotonde shall file a Third Amended Disclosure Statement and Plan incorporating the terms set forth below as soon as possible. Meyer and Rotonde shall provide for GDC's review of their Amended Disclosure Statement and Plan incorporating the terms set forth herein prior to filing. Provided that Meyer and Rotonde's Third Amended Disclosure Statement and Plan adequately reflect the terms of the agreement set forth herein, neither GDC, Ginsburg nor any person acting on their behalf shall object to these filings, in whole or in part, or to any provision therein contemplating a Second Amended and Restated Operating Agreement for RMP.

2.      Meyer shall cause W&A, as managing member of the Debtor to pay GDC $5,700,000, in immediately available funds, at a closing, which will be held on or before September 30, 2009 (the "Closing"). The $5,700,000 payment shall be made by a certified or bank check payable to the order of GDC and drawn on a New York bank, or by wire transfer to an account designated by GDC. Meyer's and Rotonde's Plan and Confirmation Order shall state that the Plan shall not become effective unless and until all payments and other obligations to GDC required hereunder are satisfied. Further, the sum of $100,000 shall immediately be escrowed with GDC's counsel as a good faith gesture toward the $5,700,000 payment to be made to GDC, which funds shall be released from escrow on September 30, 2009 and paid to GDC and credited against the $5,700,000 payment to be made to GDC hereunder.

3.      If, for any reason, GDC fails to receive $5,700,000 by September 30, 2009, GDC shall, in addition to $5,700,000, receive interest in the amount of $2,000/day until October 30, 2009, and $3,000/day thereafter. If, however, the reason for the delay in GDC's receipt of the $5,700,000 is due to the Bankruptcy Court's (defined herein) unilateral adjournment of the

hearing to consider confirmation of Meyer's/Rotonde's Plan, Meyer and Rotonde shall not be responsible for interest that accrues during the delay caused by such unilateral adjournment.

4.     Neither GDC nor Ginsburg shall object to the Trustee's remitting to W&A all funds in Debtor's original bank accounts, and in the $350,000 segregated escrow established on or about May 15, 2009 provided that GDC receives the payments contemplated in paragraph 2 herein.

5.     Meyer and Rotonde shall unconditionally personally guarantee payment of the $5,700,000 obligation to GDC, plus interest, as set forth herein, and shall immediately execute unconditional personal guarantees to evidence their guaranty (the "Guarantees"), a copy of which form is attached.  The Guarantees are to be discharged and deemed null and void in writing by GDC upon Closing provided that all payments in Section 2 are satisfied at Closing.

6.     The Guarantees shall be held in escrow by GDC's counsel, and will be released from escrow only if the $5,700,000 payment contemplated in paragraph 2 herein is not made on September 30, 2009.  The Guarantees shall provide, among other things, that if GDC must take legal action to enforce the Guarantees, GDC shall be entitled to all reasonable legal fees and costs incurred.

7.     At Closing, GDC and Ginsburg, their agents and employees, on the one hand, and RMP, Merida, Dall, W&A, RDC, Meyer and Rotonde, their agents and employees, shall exchange mutual, reciprocal complete general releases from any and all claims and/or liability that they may have, or have had, against one another.

8.     GDC and Ginsburg specifically do not release any claims they have or may have against Donald J. Carbone, Esq. ("Carbone") and Goetz Fitzpatrick, LLP ("Goetz Fitzpatrick") and specifically reserve all rights to those claims as set forth in the action styled Ginsburg

3

*Development Companies, LLC v. Ridgemour Meyer Properties, LLC et al.*, Bankr. S.D.N.Y. Adv. Pro. No. 09-01011 (SMB). However, GDC shall take steps to amend the caption in that adversary proceeding to delete all parties being released therefrom.

9.    GDC and Ginsburg shall release any and all claims and/or liability that GDC and Ginsburg have or had against RMP, Merida, Dall, W&A, RDC, Meyer and Rotonde, which in any way relate to Pinnacle.

10.    GDC and Ginsburg shall assign to Meyer and Rotonde, without any representations or warranties, all of GDC and Ginsburg's rights, title and interest in the use of the "Pinnacle-Westchester" name, Pinnacle's rights in the "Citibank Contract" identified in the Interim Award in the Arbitration [identified below], environmental impact statements and other approval documents and any and all other assets of Pinnacle, except that GDC and Ginsburg shall not assign to Meyer and Rotonde any architectural renderings.

11.    GDC shall release all equitable liens and discharge any and all notices of pendency in connection with Pinnacle and/or RMP properties that have been filed by GDC or on behalf of Pinnacle, including but not limited to a certain Lis Pendens filed in connection with the Westchester County lawsuit thereafter removed to the bankruptcy court as Adversary Proceeding No. 09-01011.

12.    GDC shall provide Meyer and Rotonde with Pinnacle's 2007 and 2008 tax returns, to the extent such tax returns were prepared, by no later than August 21, 2009, and shall request that all accountant's work papers be turned over to Meyer and Rotonde by no later than August 21, 2009, and hereby consent to Meyer's and Rotonde's contacting that accounting firm as necessary in connection with said return. Neither GDC nor Ginsburg shall be required to make any further payments to that accounting firm.

13.     GDC, Ginsburg, RMP, Merida, W&A, RDC, Dall, Meyer and Rotonde shall execute dismissals with prejudice of the pending lawsuits entitled: (a) Ginsburg Development Companies, LLC v. Ridgemour Meyer Properties, LLC, et al., AAA Case No. 19 115 Y 206 06 (the "Arbitration"); (b) Merida Associates, Inc. v. The Pinnacle-Westchester, LLC, et al., Bankr. S.D.N.Y., Adv. Pro. No. 09-01034 (SMB); (c) Ginsburg Development Companies, LLC v. Merida Associates, Inc., Bankr. S.D.N.Y., Adv. Proc. No. 08-1750 (SMB); (d) Ginsburg Development Companies, LLC v. Meyer, et al., N.Y. Sup. Ct., Index No. 100236/09; (e) Ridgemour Meyer Properties, LLC v. Ginsburg Development Corp. et. al, S.D.N.Y. 08-08584 (BSJ); and (f) Ginsburg Development Companies, LLC v. Ridgemour Meyer Properties, LLC et al., Bankr. S.D.N.Y. Adv. Pro. No. 09-01011 (SMB), except that, as set forth above, GDC and Ginsburg shall not dismiss the litigation styled Ginsburg Development Companies, LLC v. Ridgemour Meyer Properties, LLC et al., Bankr. S.D.N.Y. Adv. Pro. No. 09-01011 (SMB) as against Carbone and Goetz Fitzpatrick and shall not release any claims they have or may have against Carbone and Goetz Fitzpatrick and specifically reserve all rights to those claims. It is understood that Dall will be released by GDC from all claims in that adversary proceeding.

14.     All documents required to effectuate the terms set forth herein and all documents required to be exchanged herein shall be executed and/or exchanged at Closing, unless otherwise specifically noted herein.

15.     No admission of liability by any party in any proceeding covered herein.

16.     The terms herein contain the entire agreement between the parties as to the settlement of their disputes, and no amendment or modification of the terms set forth herein or of the documents referred to herein shall be effective unless in writing, dated subsequent to the date hereof and executed by the parties. The parties further acknowledge that the terms set forth

herein and the documents referred to herein are intended to replace any and all existing agreements, except those provided for herein or therein, whether written or oral, between or among the parties with respect to the subject matter hereof.

17.  The parties consent to be subject to the jurisdiction of the courts of the State of New York, including the United States District Court, and any disputes hereunder shall be governed by the laws of the State of New York and shall be resolved solely in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). In particular, the parties agree that any legal action to enforce the Guarantees shall be subject to the jurisdiction of the Bankruptcy Court.

18.  The transactions contemplated hereunder shall be subject to a motion to approve settlement, as well as formal settlement documents, which motion shall be expeditiously prepared by Meyer and Rotonde and filed with the Bankruptcy Court for approval.

GINSBURG DEVELOPMENT
COMPANIES, LLC

By:_____

Its:_____

Dated: August ___, 2009

MARTIN GINSBURG

By:_____
      Martin Ginsburg

Dated: August ___, 2009

W&A DEVELOPMENT, LLC

By:_____

Its:_____

Dated: August ___, 2009

RIDGEMOUR DEVELOPMENT CORP.

By: _____

Its: _____

Dated: August ___, 2009

herein and the documents referred to herein are intended to replace any and all existing agreements, except those provided for herein or therein, whether written or oral, between or among the parties with respect to the subject matter hereof.

17.     The parties consent to be subject to the jurisdiction of the courts of the State of New York, including the United States District Court, and any disputes hereunder shall be governed by the laws of the State of New York and shall be resolved solely in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").   In particular, the parties agree that any legal action to enforce the Guarantees shall be subject to the jurisdiction of the Bankruptcy Court.

18.     The transactions contemplated hereunder shall be subject to a motion to approve settlement, as well as formal settlement documents, which motion shall be expeditiously prepared by Meyer and Rotonde and filed with the Bankruptcy Court for approval.

GINSBURG DEVELOPMENT
COMPANIES, LLC

By:_____

Its:_____

Dated: August ___, 2009

MARTIN GINSBURG

By:_____
            Martin Ginsburg

Dated: August ___, 2009


W&A DEVELOPMENT, LLC

By:_____

Its:_____managing member_____

Dated: August 18, 2009

RIDGEMOUR DEVELOPMENT CORP.

By: _____

Its: _____President_____

Dated: August 18, 2009

6

CAROL L. DALL

By: _____
        Carol L. Dall

Dated: August _19_, 2009

MERIDA ASSOCIATES, INC.

By: _____

Its: _____

Dated: August ___, 2009

WILLIAM A. MEYER

By: _____
        William A. Meyer

Dated: August ___, 2009

A.J. ROTONDE

By: _____
        A.J. Rotonde

Dated: August ___, 2009

3970350.7

7

CAROL L. DALL

By:_____
      Carol L. Dall

Dated:  August ___, 2009


MERIDA ASSOCIATES, INC.

By:_____

Its: _____

Dated:  August ___, 2009


WILLIAM A. MEYER

By:_____
      William A. Meyer

Dated:  August 18th, 2009


A.J. ROTONDE

By:_____
      A.J. Rotonde

Dated:  August 18, 2009


3970350.7

7

CAROL L. DALL

By: _____
    Carol L. Dall

Dated: August _19_, 2009

MERIDA ASSOCIATES, INC.

By: _____

Its: _____

Dated: August ___, 2009


WILLIAM A. MEYER

By: _____
    William A. Meyer

Dated: August ___, 2009

A.J. ROTONDE

By: _____
    A.J. Rotonde

Dated: August ___, 2009


3970350.7

7

CAROL L. DALL

By:_____
     Carol L. Dall

Dated:  August ___, 2009

MERIDA ASSOCIATES, INC.

By: _Pal Myn._

Its: _Treasurer_

Dated:  August _19_, 2009

WILLIAM A. MEYER

By:_____
     William A. Meyer

Dated: August _18th_, 2009

A.J. ROTONDE

By:_____
     A.J. Rotonde

Dated:  August ___, 2009

3970350.7

7