UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                                          :
                                                                :    Chapter 11
RIDGEMOUR MEYER PROPERTIES, LLC,        :    Case No. 08-13153 (SMB)
                                                                :
                            Debtor.                          :
----------------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER DENYING
## MOTION TO DIRECT PAYMENT OF CLAIM

**A P P E A R A N C E S:**

GOETZ FITZPATRICK LLP
*Pro se*
One Penn Plaza, 31st Floor
New York, New York 10119

       Gary M. Kushner, Esq.
       Scott D. Simon, Esq.
           Of Counsel

JOSEPH T. ADRAGNA, ESQ.
*Counsel to Ridgemour Meter Properties, LLC c/k/a*
*Metropolitan Plaza WP, LLC*
58 East Main Street
Huntington, New York 11743

       Joseph T. Adragna, Esq.
           Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

       Goetz Fitzpatrick LLP ("Goetz Fitzpatrick") represented the debtor Ridgemour Meyer Properties, LLC ("Ridgemour" or the "Debtor") and others pre-petition. It filed a proof of claim, originally in the amount of $350,555.49, and subsequently capped, by agreement, in the amount of $310,104.21 (the "Claim") for services rendered. The Plan Proponents (defined below) objected to the Claim and, along with the Debtor, also sued Goetz Fitzpatrick in state court for professional malpractice. Following dismissal of the state court malpractice lawsuit, Goetz

Fitzpatrick filed a motion seeking to reopen the chapter 11 case and to direct the Debtor to pay the Claim. (*Motion to Reopen Chapter 11 and for an Order Directing the Payment of Claim No. 5 Filed by Goetz Fitzpatrick and for Related Relief*, dated May 31, 2016 ("*Motion*") (ECF Doc. # 302-1).) Following oral argument on the *Motion*, the Court granted the request to reopen the case, and reserved judgment on Goetz Fitzpatrick's request for payment.

The main issue concerns the effect of the disposition of the state court malpractice action on the allowance of the Claim under the doctrine of *res judicata*. The Debtor contends that the dismissal of the state court action mandates disallowance while Goetz Fitzpatrick maintains that it requires immediate payment. I conclude that *res judicata* does not bar or resolve the objection to the reasonableness of Goetz Fitzpatrick's fees under 11 U.S.C. § 502(b)(4). Accordingly, the portion of the *Motion* seeking a direction to pay the Claim as a matter of law is denied as further proceedings are necessary to determine the question of reasonableness.

## BACKGROUND

The background to Goetz Fitzpatrick's representation of the Debtor is set forth in *In re Ridgemour Meyer Properties, LLC*, 413 B.R. 101 (Bankr. S.D.N.Y. 2008) ("*Trustee Decision*"). I assume familiarity with the *Trustee Decision*, and limit the discussion to the facts necessary to provide context to this decision. In 2003, the Debtor and Ginsburg Development Companies, LLC ("GDC") formed a joint venture, known as Pinnacle-Westchester LLC ("Pinnacle"), for the purpose of developing and erecting a high rise building in White Plains, New York. After disputes regarding the future of the project arose, GDC commenced an arbitration in accordance with the Pinnacle Operating Agreement against the Debtor and its ultimate principals, William Meyer and A.J. Rotonde. The respondents were represented by Goetz Fitzpatrick, and Goetz Fitzpatrick partner Donald Carbone, Esq. handled the matter.

2

During the pendency of the arbitration, Ridgemour filed for chapter 11 protection on August 11, 2008 (the "Petition Date"), and Goetz Fitzpatrick filed the Claim on October 6, 2008. (*Motion*, Ex. 3 (ECF Doc. # 302-4).)[1] GDC moved for the appointment of a chapter 11 trustee, and the Court conducted an evidentiary hearing. As described in the *Trustee Decision*, the Court found that Carbone and Rotonde had engaged in unauthorized and dishonest acts during the arbitration relating, *inter alia*, to the execution and recordation of a deed by which Pinnacle retransferred the project's real property to the Debtor and the subsequent cover up of their actions. Based on these findings, the Court appointed a chapter 11 trustee.

On August 22, 2009, William A. Meyer, WPD Development Corporation ("WPD"), A.J. Rotonde and W&A Development, LLC (the "Plan Proponents") filed a fourth amended plan of reorganization (the "Plan") and an accompanying disclosure statement. (*Proponents' Fourth Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated Aug. 21, 2009 ("*Plan*") (ECF Doc. # 220); *Proponents' Fourth Amended Disclosure Statement Under Chapter 11 of the Bankruptcy Code*, dated Aug. 21, 2009 (ECF Doc. # 221).) The Court confirmed the Plan on October 5, 2009, (*Counter Order of Confirmation*, dated Oct. 5, 2009 ("*Confirmation Order*") (ECF Doc. # 246)), expressly retaining jurisdiction over disputes regarding allowance of and objections to proofs of claim. (*Confirmation Order* at ¶ 27; *Plan* at § 9.2(a).)

The litigation between the Plan Proponents and the Debtor on the one hand and Goetz Fitzpatrick on the other followed two paths. First, on November 3, 2009, and in light of the

---

[1] The copy of the Claim attached to the *Motion* includes voluminous time records that were not filed as part of the Claim. (*See Reply to Debtors' Opposition to Motion to Reopen Case and for Order Directing the Payment of Claim No. 5 Filed by Goetz Fitzpatrick and for Related Relief*, dated July 12, 2016 ("*Reply*"), at ¶ 4 (ECF Doc. # 307).)

3

Court's findings regarding the conduct of Goetz Fitzpatrick described in the *Trustee Decision*, Ridgemour Development Corporation, the Debtor and the Plan Proponents other than WPD (collectively, the "Malpractice Plaintiffs") filed a complaint (the "Complaint")[2] against Goetz Fitzpatrick and Carbone in the Supreme Court of the State of New York for New York County (the "Malpractice Action"). The Complaint asserted claims for malpractice, breach of contract and fiduciary duties and violations of Section 487 of the New York Judiciary Law.[3] The state law claims arose primarily from the defendants' misconduct during the arbitration.

Second, on November 4, 2009, the Plan Proponents filed an objection to the Claim. (*Objection of Plan Proponents to Claim of Goetz Fitzpatrick, LLP*, dated Nov. 4, 2009 (the "*Claim Objection*") (ECF Doc. # 259).) They asserted that (1) the Claim was not entitled to the presumption of *prima facie* validity because Goetz Fitzpatrick had not provided invoices or other evidence of the claim; (2) a portion of the fees and expenses were attributable to post-Petition Date services and should be disallowed because Goetz Fitzpatrick had not been retained as an estate professional pursuant to Section 327(a) of the Bankruptcy Code or made the disclosures required by Bankruptcy Code § 327(a) and Rule 2014(a) of the Federal Rules of Bankruptcy

---

[2]    A copy of the Malpractice Plaintiffs' Complaint is annexed to the *Motion* as Exhibit 5.

[3]    Section 487 provides:

> An attorney or counselor who:
>
> 1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or,
>
> 2. Wilfully delays his client's suit with a view to his own gain; or, wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,
>
> Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

Procedure; and (3) the objection to the pre-Petition Date services should be deferred pending resolution of the Malpractice Action because the pre-Petition Date Services were "inextricably linked" to the Plan Proponents' Malpractice Action claims. (*Claim Objection* at ¶¶ 10-11, 15-16.) In the alternative, the Plan Proponents requested that, "should the Court determine that the reasonable value of such pre-Petition services are within its jurisdiction independent of the Malpractice Action, [the Plan] Proponents respectfully request an evidentiary hearing as to Goetz Fitzpatrick's compliance with the applicable legal standards, upon production of appropriate documentation." (*Id.* at ¶ 17 n. 5.)

On January 5, 2010, the Plan Proponents and Goetz Fitzpatrick entered into a stipulation which the Court so-ordered on January 15, 2010. (*Stipulation and Order*, dated Jan. 15, 2010 ("*Stipulation*") (ECF Doc. # 272).)[4] According to the *Stipulation*, the parties sought to "resolve a portion of the [*Claim Objection*], and to provide an organized way to adjudicate the Goetz Fitzpatrick claim and the [Malpractice Action] in one rather than two forums to the greatest extent practicable." (*Stipulation* at 1.) The *Stipulation* reduced Goetz Fitzpatrick's claim by $40,451.28, representing the post-Petition Date legal fees and expenses. (*Stipulation* at 2.) The reduction of the Claim was "without prejudice to the rights of the [Plan Proponents]." (*Id.*) As to the remaining $310,104.21 of Goetz Fitzpatrick's claim, the *Stipulation* adjourned the *Claim Objection* without date and permitted the parties to restore the *Claim Objection* to the Court's calendar "[u]pon resolution of the [Malpractice Action] by judgment, settlement or otherwise," at which time the Plan Proponents and Goetz Fitzpatrick would have the opportunity to file pleadings with respect to the *Claim Objection*. (*Stipulation* at 2.) The Court subsequently

---

[4]    A copy of the *Stipulation* is annexed to the *Motion* as Exhibit 1.

5

entered a final decree, (*Final Decree and Order Closing Debtor's Chapter 11 Case*, dated Dec. 28, 2010 (ECF Doc. # 296)), but expressly retained jurisdiction over "the stayed objection by the Plan Proponents to the claim of Goetz Fitzpatrick, and any issues arising therein or resulting there from . . . ." (*Id.* at 1.)

The Malpractice Action was concluded several years later. On September 30, 2013, the New York County Supreme Court granted a summary judgment motion made by Goetz Fitzpatrick and Carbone, denied the Malpractice Plaintiffs' motion for partial summary judgment and dismissed the Complaint. *Metro. Plaza WP, LLC v. Goetz Fitzpatrick, LLP*, No. 115519/2009, slip op. at 21-22 (N.Y. Sup. Sept. 30, 2013). The state court ruled that the Malpractice Plaintiffs' claims were barred by the doctrine of *in pari delicto* based upon the collateral estoppel effect of this Court's findings that both Goetz Fitzpatrick and the Malpractice Plaintiffs had "acted dishonestly in connection with the Property transfer and the subsequent coverup." *Id.* at 13-14. The Supreme Court subsequently denied reargument and resettlement of the summary judgment order, *Metro. Plaza WP, LLC v. Goetz Fitzpatrick, LLP*, No. 115519/2009, 2014 WL 10698465, at *1 (N.Y. Sup. Dec. 17, 2014), its summary judgment decision was affirmed, *Metro. Plaza WP, LLC v. Goetz Fitzpatrick, LLP*, 3 N.Y.S.3d 595 (N.Y. App. Div. 2015), and the Court of Appeals of New York denied leave to appeal. *Metro. Plaza WP, LLC v. Goetz Fitzpatrick, LLP*, 43 N.E.3d 375 (N.Y. 2015).

The state court litigation completed, Goetz Fitzpatrick returned to this Court and made the *Motion*. Goetz Fitzpatrick contends that the dismissal of the Malpractice Action constituted a final judgment that bars any further objection to the Claim under the doctrine of *res judicata*, or claim preclusion. (*Motion* at 9.) According to Goetz Fitzpatrick, the Malpractice Action presented the Malpractice Plaintiffs with the opportunity to plead any and all claims regarding

6

Goetz Fitzpatrick's entitlement to the legal fees described in the Proof of Claim, and the Malpractice Plaintiffs' failure to do so bars their objections in the Bankruptcy Court. (*Id.* at 11.) Furthermore, Goetz Fitzpatrick argues that the intent of the *Stipulation* was to adjudicate all such claims in a single forum. (*Id.* at 12.)

The Debtor does not oppose reopening the Chapter 11 case, but objects to the payment of Goetz Fitzpatrick's claim. (*Debtor's Opposition*, dated July 6, 2016 ("*Opposition*"), at 1 (ECF Doc. # 306).) It contends that the dismissal of the Malpractice Action has no bearing on whether the fees asserted in the Claim are reasonable. (*Id.* at 3.) Instead, the Debtor raises its own *res judicata* argument, maintaining that Goetz Fitzpatrick's failure to raise its right to fees and expenses in the Malpractice Action now bars its Claim. (*Id.* at 4.) Finally, the Debtor argues that the Claim is deficient because it did not contain time records supporting Goetz Fitzpatrick's claim. (*Id.* at 5.) It concludes that the claim should be disallowed or, in the alternative, there should be an opportunity for discovery and a hearing as to whether Goetz Fitzpatrick's claim "exceeds the reasonable value of [its] services." 11 U.S.C. § 502(b)(4).

Repeating its *res judicata* argument, Goetz Fitzpatrick replies that the Debtor could have sought a declaratory judgment in the Malpractice Action as to Goetz Fitzpatrick's entitlement to fees. (*Reply* at 5.) Instead, it pursued only certain causes of action in the Complaint, and cannot pursue new claims or defenses in this Court. (*Id.* at 2.) Furthermore, Goetz Fitzpatrick argues that its claim is not barred by claim preclusion because any counterclaim for its fees was not compulsory in the Malpractice Action under New York law. (*Id.* at 6-7.) Finally, Goetz Fitzpatrick contends that any further challenge to its Claim is barred by the *Rooker-Feldman* doctrine. (*Id.* at 13.)

7

At the hearing on the Motion on July 14, 2016, the Court granted the request to reopen the chapter 11 case, (*Order Granting Motion to Reopen Case*, dated July 15, 2016 (ECF Doc. # 309)), and reserved decision on the balance of the *Motion*. (*Id.* at 2.)

## DISCUSSION

**A.    *Res Judicata***

New York law governs the preclusive effect of a New York state court judgment in federal court. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 93 (2d Cir. 2005) ("Because the Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to accord state judgments the same preclusive effect those judgments would have in the courts of the rendering state, New York preclusion law applies."). Under New York law, the doctrine of claim preclusion, or *res judicata*, bars subsequent litigation "based upon the 'same transaction or series of connected transactions' if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 894 N.E.2d 1, 12 (N.Y. 2008) (citations omitted); *see Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) ("Under both New York law and federal law, the doctrine of *res judicata* . . . provides that '[a] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action.'" (quoting *Maharaj v. BankAmerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997))). In contrast, the related doctrine of collateral estoppel, or issue preclusion, requires that the identical issue was decided in the prior action and the party to be precluded had a full and fair opportunity to contest the issue in the prior action. *Kaufman v. Eli Lilly & Co.*, 482 N.E.2d 63, 67 (N.Y. 2005).

8

The parties do not contend that the state court decided the reasonableness of Goetz Fitzpatrick's fees and expenses. Instead, the Debtor asserts that Goetz Fitzpatrick should have counterclaimed for its fees and expenses in the Malpractice Action, and the failure to do so precludes the allowance of the Claim by this Court. I disagree. "New York is a permissive counterclaim jurisdiction." *Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 36 N.Y.S.3d 11, 14 (N.Y. App. Div. 2016). New York's permissive counterclaim rule preserves the right of a party to bring a claim that it could have brought as a counterclaim in a prior action, as long as doing so would not "impair the rights or interest established in the first action." *Henry Modell & Co. v. Minister, Elders & Deacons of Reformed Protestant Dutch Church of City of New York*, 502 N.E.2d 978, 981 n. 2 (N.Y. 1986). Consequently, *res judicata* does not bar the assertion of a permissive counterclaim in a subsequent action. *See Cameron v. LR Credit 22, LLC*, 998 F. Supp. 2d 293, 298 (S.D.N.Y. 2014) (noting that, under New York law, *res judicata* does not bar claims that could have been raised as counterclaims in a prior action); *RA Glob. Servs., Inc. v. Avicenna Overseas Corp.*, 843 F. Supp. 2d 386, 390 (S.D.N.Y. 2012) ("[T]he failure to interpose a counterclaim does not prevent subsequent maintenance of an action based on that claim because '[i]n New York all counterclaims are permissive.'" (quoting *Pace v. Perk*, 440 N.Y.S.2d 710, 720 (N.Y. App. Div. 1981))); *Mason Tenders Dist. Council Pension Fund v. Messera*, No. 95 CIV. 9341 (RWS), 1996 WL 351250, at *10 (S.D.N.Y. June 26, 1996) ("'[A]bsent a compulsory counterclaim rule, a pleader is never barred by claim preclusion from suing independently on a claim that he refrained from pleading as a counterclaim in a prior action.'" (quoting 6 Charles Alan Wright, *et al.*, *Federal Practice and Procedure: Jurisdiction* § 1410, at 59 (1990))). "To hold otherwise would have the effect of rendering New York a compulsory counterclaim jurisdiction, because any counterclaims not asserted would be barred in subsequent

actions." *Dolan v. Select Portfolio Serv., Inc.*, No. 13-CV-1552 (PKC), 2014 WL 4662247, at *3 (E.D.N.Y. Sept. 18, 2014). Hence, Goetz Fitzpatrick's failure to counterclaim for fees and expenses does not bar the Claim.

Nor does *res judicata* entitle Goetz Fitzpatrick to the allowance and immediate payment of the Claim. The scope of the *res judicata* bar is limited to claims that were made or could have been made in the state court. *MHR Capital Partners LP v. Presstek, Inc.*, 863 N.Y.S.2d 154, 162 (N.Y. App. Div. 2008) ("Res judicata is inapplicable where a plaintiff is 'unable to . . . seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain' a certain form of relief." (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 26(1)(c) (1982))), *aff'd,* 912 N.E.2d 43 (N.Y. 2009). The Bankruptcy Court has exclusive jurisdiction to determine the allowance of claims, even those that have been reduced to judgment, and *res judicata* does not bar that determination. *In re Ernst*, 368 B.R. 296, 308 (Bankr. S.D.N.Y. 2007) ("Because the bankruptcy court is the only forum that is competent to determine whether Carey's claim is allowable, the doctrine of *res judicata* does not apply. The question of whether a claim against the Debtors' estates should be allowed or disallowed is purely a creature of bankruptcy law and by its nature is not an issue that is capable of being raised in state court litigation."), *aff'd*, 382 B.R. 194 (S.D.N.Y. 2008); *see* 4 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 502.03[1][a] (16th ed. 2016) ("COLLIER") ("Regardless of the method chosen for liquidation of a claim, the bankruptcy court always retains the jurisdiction and sole right to determine the 'allowability' of the claim under the applicable standards set forth in section 502."). While a state court's determination of reasonableness may collaterally estop a party from objecting to reasonableness under 11 U.S.C. § 502(b)(4), *see Cotchett, Pitre & McCarthy v. Siller* (*In re Siller*), No. CIV S–10–0779, 2012

WL 1657620, at *17 (E.D. Cal. May 10, 2012), the parties did not actually litigate and the state court did not decide the reasonableness of Goetz Fitzpatrick's fees and expenses. (*Reply* at 2 (asserting that the Debtor "failed to challenge [Goetz Fitzpatrick]'s entitlement to attorney's fees on the basis of reasonableness in the [Malpractice] Action").) In short, *res judicata* does require the allowance of the Claim and its immediate payment.

**B.    Other Arguments**

    **1.    The *Prima Facie* Validity of the Claim**

The Debtor contends that Goetz Fitzpatrick's claim should be stricken because it is not *prima facie* valid. (*Opposition* at 5.) Under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." If the claim is based on a writing, "a copy of the writing shall be filed with the proof of claim. FED. R. BANKR. P. 3001(c)(1). According to the Debtor, Goetz Fitzpatrick failed to attach time records to the Claim, and this omission is fatal.

The Goetz Fitzpatrick time and expense records are not the writings on which its claim is based. The time and expense records are evidence of the amount of its claim. In any event, the failure to execute and file a proof of claim in accordance with the Bankruptcy Rules does not result in the automatic expungement of the claim. Instead, it shifts the burden of going forward to the claimant. *See* 9 COLLIER ¶ 3001.9[2].

    **2.    *Rooker-Feldman***

Goetz Fitzpatrick contends that the *Rooker-Feldman* doctrine bars the *Claim Objection*. The *Rooker-Feldman* doctrine "bars the federal courts from exercising jurisdiction over claims

11

'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94 (2d Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).) It applies where the following four elements are present:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invite district court review and rejection of [that] judgment[]." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced . . . ."

*Hoblock*, 422 F.3d at 85 (quoting *Exxon Mobil*, 544 U.S. at 284).

Goetz Fitzpatrick fails to satisfy the second and third elements. The Debtor seeks to disallow Goetz Fitzpatrick's fees and expenses as unreasonable, an issue the state court did not decide. It does not contend that it was injured by the state court judgment, or ask this Court to review and reject the state court's conclusion that *in pari delicto* bars its state law malpractice claims.

## CONCLUSION

The branch of the *Motion* seeking payment of the Claim is denied for the reasons stated. The parties are directed to contact the Court to schedule a conference to discuss further proceedings.

So ordered.

Dated: New York, New York
September 27, 2016

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge